UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUILLERMO GARCIA, | : |
| | : |
|     Petitioner | : |
| | : |
|     v. | : CIVIL NO. 3:CV-07-0047 |
| | : |
| ALBERTO GONZALEZ, ET AL., | : (Judge Kosik) |
| | : |
|     Respondents | : |

**MEMORANDUM and ORDER**

**Introduction**

    Guillermo Garcia, an inmate currently confined at the Low Security Correctional Institution at Allenwood (LSCI-Allenwood), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Along with his petition, he submits an application seeking leave to proceed in forma pauperis in this matter. (Doc. 2.) In the petition, Garcia contends that the Bureau of Prisons (BOP) has incorrectly computed his sentence. He also appears to challenge the actual sentence as imposed by the Southern District Court of New York on August 21, 2005. For the reasons that follow, the motion to proceed in forma pauperis will be granted but the petition will be dismissed.

**Background**

Garcia states that he was arrested by the New York State Police on August 22, 2003 for criminal possession of a controlled substance. He claims that shortly thereafter, federal authorities filed a warrant against him[1]. On November 6, 2003, he received a state sentence of 2 to 4 years imprisonment - - a sentence he states expires on August 22, 2007. He states that he was sentenced by the United States District Court for the Southern District of New York on August 21, 2005 to 38 months followed by 3 years of supervised release. It is Plaintiff's contention that the federal sentence was to run concurrent with the state sentence.

In the instant petition, Garcia claims that the BOP's sentencing computation data sheet has his expiration full term date as November 21, 2008, and his statutory release date projected as June 25, 2008. Petitioner claims that this is incorrect and that the BOP is ignoring "the binding recommendations of the sentencing court." (Doc. 1 at 6.) According to Petitioner, his release should be ordered. He also appears to assert challenges to his federal sentence as imposed by Southern District of New York, claiming that "errors were made by the sentencing court." (Id. at 9-10, 12.)

---

[1] Based on the petition, it appears the warrant was filed with regard to charges for illegal reentry into the United States.

**Discussion**

    A.    **Sentence computation challenge**

It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Muhammad v. Carlson, 739 F.2d 122, 123 (3d Cir. 1984); see also Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.16 (1994). First, "[i]nmates shall informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy." Id., at § 542.13(a). Second, "[i]f an inmate is unable to informally resolve his complaint, he may file a formal written complaint [to

the warden], on the appropriate form, within twenty (20) calendar days of the date on which the basis of the complaint occurred." Id., at § 542.15(a).  In the event the inmate is dissatisfied with the warden's response, he may file an appeal to the Regional Director within twenty (20) days. Id., § 542.15(a).  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (central office) within thirty (30) calendar days from the date of the Regional Director's response. Id.  The Regional Director has thirty (30) days to respond, and the General Counsel has forty (40) days to respond. See id., at § 542.18.

On the face of the petition it is clear that Garcia has not exhausted his administrative remedies with regard to his sentence computation challenge.  He states that because other prisoners at LSCI-Allenwood have attempted to have their sentences re-computed and such efforts have been "fruitless", in his opinion it is "inessential to exhaust such administrative remedies." (Doc. 1 at 3.)  While Petitioner may feel this way, it does not excuse him from the exhaustion requirement and affording the BOP the opportunity to review the matter.  Accordingly, this claim is subject to dismissal for failure to exhaust administrative remedies.

### B.    Challenge to underlying federal sentence

In his petition Garcia also attempts to challenge his underlying federal sentence as imposed by the United States District Court for the Southern District of New York.

It is well established that a challenge to a federal criminal defendant's conviction or sentence generally must be brought as a motion pursuant to 28 U.S.C. § 2255 filed in the district court in the district where defendant was convicted. United States v. Addonizio, 442 U.S. 178, 185 (1979); United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); In re Dorsainvil, 119 F.23 245, 249 (3d Cir. 1997).[2]  That is, a § 2255 motion generally "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction.  Strollo v. Alldredge, 463 F.2d1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972).  "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Myers v. Booker, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. 2000) (unpublished table decision)(quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," 28 U.S.C. § 2255, may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.  There is no indication that Garcia has filed a § 2255 motion with the Southern District Court of New York or

---

[2] Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

5

that relief pursuant to § 2255 is inadequate or ineffective.  As such, this challenge is also subject to dismissal.

**ACCORDINGLY, THIS 6th DAY OF FEBRUARY, 2007, IT IS HEREBY ORDERED THAT:**

1. The motion to proceed in forma pauperis (Doc. 2) is **granted**.

2. The petition for writ of habeas corpus is **dismissed**.

3. The Clerk of Court is directed to **close this case**.


                                                  s/Edwin M. Kosik
                                                United States District Judge